UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK SPIVEY,<br><br>Defendant. | Criminal Action No. 21-666 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, District Judge**

This matter comes before the Court on the motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Derek Spivey ("Spivey"). On November 28, 2022, Defendant filed a motion for compassionate release from incarceration, due to confinement conditions involving Covid-19. The Government has opposed the motion, and Defendant filed a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant contends that extraordinary and compelling reasons justify his release, based on two considerations: 1) his medical condition puts him at greater risk of severe Covid-19 illness; and 2) during his pre-trial release, he was a "model defendant," demonstrating his rehabilitation. The Government, in opposition, argues that the motion should be denied because: 1) Defendant has not shown any extraordinary and compelling reason to justify release; 2) the statute expressly states that rehabilitation alone cannot constitute an extraordinary and compelling reason; and 3) the Section 3553(a) factors do not warrant a reduction in sentence.

In making the present motion, Defendant has:

1

> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.)  The relevant provision states:

> (c) Modification of an imposed term of imprisonment.  The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

> defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

> As a sister Court has explained:
>
> We evaluate compassionate release based on three factors.  First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act.  Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019).[1]  As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant moves for compassionate release on two grounds.  First, Defendant argues that he has medical conditions warranting compassionate release.  Defendant points to his history of asthma and high blood pressure, and adds that "he is experiencing kidney difficulties." The Government argues in opposition that Defendant was offered vaccination against Covid-19 but declined it.  The Government cites the Seventh Circuit's decision in a case with similar facts:

> [A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an "extraordinary and compelling" justification for release. The risk is self-incurred. . . . The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective. . . . A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a

---

[1] "[A]lthough the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons."  United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021).

3

>vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). Defendant, in his reply brief, did not deny that he had refused vaccination nor address his reasons for doing so. This Court finds the Seventh Circuit's reasoning to be persuasive. Defendant has failed to persuade that, having declined vaccination, the risk of becoming ill with Covid-19 while incarcerated constitutes an "extraordinary and compelling" reason for release.

Second, Defendant argues that, during his pre-trial release, he was a "model defendant," demonstrating his rehabilitation. In opposition, the Government cites 28 U.S.C. § 994(t), which states: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Thus rehabilitation alone cannot constitute an extraordinary and compelling reason for release.

The Government also argues that the § 3553(a) factors weigh against relief, on three grounds. First, Defendant was convicted of an extremely serious crime, possession of a loaded firearm while operating a vehicle. Second, Defendant has five prior criminal convictions. Third, the need for deterrence weighs against release, since Defendant has yet served less than half his sentence (eleven out of 37 months). As to the § 3553(a) factors, this Court finds the Government's arguments persuasive. The § 3553(a) sentencing factors cited by the Government weigh strongly against granting the application for release to home confinement.

This Court finds the Government's arguments convincing: Defendant has not provided any extraordinary and compelling reason for a reduction in sentence. In addition, this Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for compassionate release.

For these reasons,

**IT IS** on this 16th day of March, 2023,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 31) is **DENIED**.

                                                                    s/ Stanley R. Chesler
                                                        Stanley R. Chesler, U.S.D.J